# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EBIN NEW YORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> R&B COLLECTION INC., <br><br> Defendant. | Civil Action No. 1:23-cv-04201 |

## COMPLAINT WITH JURY DEMAND

Plaintiff EBIN New York, Inc. ("EBIN" or "Plaintiff"), by and through its attorneys, asserts this Complaint against Defendant R&B Collection Inc. (hereinafter "R&B" or "Defendant") as set forth below:

## NATURE OF THE ACTION

1. EBIN is an industry-leading provider of hair and wig care products. Its products dominate the sales charts for many of the markets that it has entered. EBIN offers its products in a variety of stylized packages and in connection with various trademarks across its product lines that consumers use to associate with EBIN.

2. R&B is a provider of wigs, extensions, and recently hair care products, that is a direct competitor of EBIN. R&B operates in the same product space and marketing channels as EBIN and targets the same customers with the same goods.

121860251.2

EBIN recently learned that R&B has been advertising and selling products bearing marks that are identical or confusingly similar to marks used by EBIN.

3. Prior to this lawsuit, EBIN attempted to reach an amicable resolution with R&B, but those efforts have failed.

4. Accordingly, EBIN is left with no option but to bring this action for (1) infringement of registered trademarks under the Lanham Act (15 U.S.C. § 1114); (2) federal unfair competition and false designation of origin under the Lanham Act (15 U.S.C. § 1125(a); (3) New Jersey statutory trademark infringement under N.J.S.A. 56:3-13.16.a for infringement of EBIN's trademarks; and (4) New Jersey common law trademark infringement and unfair competition.

## THE PARTIES

5. Plaintiff EBIN is a New Jersey corporation, having a principal place of business at 5 Empire Blvd., South Hackensack, New Jersey 07606.

6. On information and belief, R&B is a New Jersey corporation, having a principal place of business at 223 Gates Rd., Suite C, Little Ferry, NJ 07643.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has original subject matter jurisdiction over this action because the action arises under the laws of the United States, including the Lanham Act, 15 U.S.C. § 1051 et seq.

8. Pursuant to 28 U.S.C. § 1367, this Court has supplemental subject matter jurisdiction over EBIN's pendent state law claims because these claims are so related to EBIN's federal claims that they form part of the same case or controversy and derive from the same common nucleus of operative facts.

9. On information and belief, venue is appropriate in this district as this is a district where much of the complained of activities occurred, R&B is a resident of this district, and EBIN is a resident of this district.

10. On information and belief, R&B is a resident of this forum and thus is subject to general personal jurisdiction in this forum.

11. Furthermore, this Court has specific personal jurisdiction over R&B because R&B has purposefully directed its actions into the State of New Jersey by advertising and selling the infringing products to consumers within this state.

## FACTUAL BACKGROUND

### EBIN's Intellectual Property

12. EBIN manufactures a wide variety of hair care and wig care products, several of which are targeted primarily at the African-American female community.

13. EBIN's products, while generally of a low cost, often under $10 per unit, are of superior quality to those of its direct competitors.

14. Among EBIN's most popular product lines are its LOCK 'N POMADE, BRAID FORMULA, and 24 HOUR EDGE TAMER products.

15. The LOCK 'N POMADE products are used to set hair and hold the hair firmly after styling. The LOCK 'N POMADE products have been a commercial success, selling over 776,000 units (over $3.4 million in revenue) since their launch in December 2019. Furthermore, EBIN has expended considerable money, time, and resources to advertising and promoting the LOCK 'N POMADE brand and products. Products featuring the LOCK 'N POMADE mark have appeared extensively in magazines such as *BNB Magazine* and *Beauty Times*. Products featuring the LOCK 'N POMADE mark have also been promoted extensively on social media sites such as Instagram, YouTube, and TikTok. EBIN's products, including those sold in connection with the LOCK 'N POMADE mark are extensively featured in third party reviews with the #EBINNEWYORK hash tag on TikTok having over 12.6 million views. Accordingly, the LOCK 'N POMADE mark is commercially distinctive and has acquired significant secondary meaning as a result. An example of EBIN's products featuring the LOCK 'N POMADE mark is shown below.



**Example of EBIN's LOCK 'N POMADE Products**

16. The BRAID FORMULA products are used for braiding, to help with the manageability of hair, protect hair health, and provide hydration and shine. The BRAID FORMULA products have been a commercial success, selling over 1.7 million units (over $8 million in revenue) since their launch in April 2021. Furthermore, EBIN has expended considerable money, time, and resources to advertising and promoting the BRAID FORMULA brand and products. Products featuring the BRAID FORMULA mark have appeared extensively in magazines such as *BNB Magazine* and *Beauty Times*. Products featuring the BRAID FORMULA mark have also been promoted extensively on social media sites such as Instagram, YouTube, and TikTok. EBIN's products, including those sold in connection with the BRAID FORMULA mark are extensively featured in third party

reviews with the #EBINNEWYORK hash tag on TikTok having over 12.6 million views. Accordingly, the BRAID FORMULA mark is commercially distinctive and has acquired significant secondary meaning as a result. An example of EBIN's products featuring the BRAID FORMULA mark is shown below.



**Example of EBIN's BRAID FORMULA Products**

17. The 24 HOUR EDGE TAMER products provide unrivaled hold for a variety of hairstyles. The 24 HOUR EDGE TAMER products have been a commercial success, selling over 25,000,000 units (over $82.8 million in revenue) since their launch in July 2015. Furthermore, EBIN has expended considerable money, time, and resources to advertising and promoting the 24 HOUR EDGE TAMER brand and products. Products featuring the 24 HOUR EDGE TAMER mark have appeared extensively in magazines such as *BNB Magazine* and *Beauty Times*.

Products featuring the 24 HOUR EDGE TAMER mark have also been promoted extensively on social media sites such as Instagram, YouTube, and TikTok. EBIN's products, including those sold in connection with the 24 HOUR EDGE TAMER mark are extensively featured in third party reviews with the #EBINNEWYORK hash tag on TikTok having over 12.6 million views. Accordingly, the 24 HOUR EDGE TAMER mark is commercially distinctive and has acquired significant secondary meaning as a result. An example of EBIN's products featuring the 24 HOUR EDGE TAMER mark is shown below.



**Example of EBIN's HOUR EDGE TAMER Products**

18. In addition to its common law rights, EBIN owns also federal registrations for the above trademarks, including:

- United States Trademark Registration No. 6,206,897 (the "'897 Registration") for the mark LOCK 'N POMADE as applied to "Hair styling preparations; Pomades for cosmetic purposes; Hair pomades; Hair styling gel; Non-medicated gel for hair and braids; Styling gels for hair and braids" in International Class 3;

- United States Trademark Registration 6,908,820 (the "'820 Registration") for the mark BRAID FORMULA as applied to "Hair care preparations; Hair cleaning preparations; Hair coloring preparations; Hair glitter; Hair styling preparations; Hair piece bonding glue; Non-medicated hair treatment preparations for cosmetic purposes" in International Class 3;

- United States Trademark Registration No. 6,895,302 (the "'302 Registration") for the mark 24 HOUR EDGE TAMER and Design (reproduced below) as applied to "Hair care preparations; Hair pomades; Hair styling preparations" in International Class 3.



(Collectively, with all common law rights in the foregoing marks, "EBIN's Trademarks").

19. EBIN's Trademarks are all arbitrary or suggestive and thus conceptually strong and inherently distinctive.

20. In addition to EBIN's Trademarks being inherently distinctive, EBIN's trademarks have acquired significant acquired distinctiveness through significant sales, unsolicited third-party press, and significant advertising and promotion.

21. The EBIN's federal trademarks registrations are valid and subsisting, and have not been abandoned, canceled, or revoked. Copies of EBIN's federal trademark registrations are attached as Exhibits A-C, respectively.

**R&B's Acts of Infringement**

22. R&B is a manufacturer of hair care products and is EBIN's competitor in this space.

23. Recently, EBIN learned that R&B had been selling products under brand names that directly copy EBIN's Trademarks. For example, R&B sells one product called "SUPER GROW LOC & TWISTS BRAIDING CONDITIONING EDGE GEL." This product makes prominent use of both EBIN's LOCK 'N POMADE and BRAID FORMULA marks across the top of the jar. A photo of this infringing use is reproduced below:



**Example of R&B's Infringing Product Featuring EBIN's LOCK 'N POMADE and BRAID FORMULA Marks**

24. R&B also sells other infringing products, such as its "BRAIDING CONDITIONING EDGE GEL" or just "EDGE GEL," both of which prominently

use EBIN's LOCK 'N POMADE and BRAID FORMULA marks across the top of the jar. A photo of this infringing use is reproduced below:



**Examples of R&B's Infringing Product Featuring EBIN's LOCK 'N POMADE and BRAID FORMULA Marks**

25. Additional examples of infringing products that utilize EBIN's LOCK 'N POMADE and BRAID FORMULA are attached as Exhibit D.

26. In addition to the infringing use of EBIN's LOCK 'N POMADE and BRAID FORMULA marks, R&B is also selling a RICE WATER brand product that uses a 24 HOUR HOLD and/or 48 HOUR HOLD mark that is confusingly similar to the 24 HOUR EDGE TAMER and Design mark owed by EBIN, including through the use of similar colors for the text and background, font, and the common use of the stylized clock alongside the words 24 HOUR or 48 HOUR:



**R&B's Infringing 24 Hour Hold Mark (left) in comparison to EBIN's 24 Hour Edge Tamer Mark (right)**



**R&B's Infringing 48 Hour Hold Mark (left) in comparison to EBIN's 24 Hour Edge Tamer Mark (right)**

27. R&B was aware of EBIN's Trademarks, before it started selling the above infringing products. Specifically, EBIN is an industry-leading provider of hair and wig care products, and its products are covered extensively in advertising in

industry publications. It is standard practice for competitors, like R&B, monitor these publications for trends and products from EBIN. In addition, it cannot be a coincidence that one of R&B's products contains not one, but *two* of EBIN's registered trademarks as the first word on the top of the products.

28. R&B's products were meant to freeride on the goodwill associated with EBIN's Trademarks, and cause confusion and mistake among the relevant consumers who would purchase R&B's products, believing them to be the products offered by EBIN, or associated or affiliated with EBIN's products.

29. R&B targets the same customers for the infringing products as the customers that EBIN targets for products that it sells in connection with EBIN's Trademarks, including, for example, African American women who wear wigs or uses other hair pieces for hair-styling purposes.

30. R&B uses the same marketing channels for the infringing products that it sells as the marketing channels that EBIN uses for products that it sells in connection with EBIN's Trademarks, including, for example, online retailers like Amazon, online beauty supply stores, and traditional (offline) beauty supply stores.

31. The infringing products that R&B sells are the same type of products, namely, hairstyle gels and/or adhesives, as EBIN's products that feature EBIN's Trademarks.

32. On information and belief, due to the inexpensive price of the infringing products that R&B sells and EBIN's products that feature EBIN's Trademarks (approximately $10-$15 dollars on average), customers exercise less care, and conduct a limited investigation, if any, when purchasing the products, leading to more opportunity for likelihood of confusion.

33. On information and belief, EBIN is suffering economic harm by a loss in sales from customers purchasing the infringing products that R&B sells while believing them to be the product that EBIN offers in connection with EBIN's Trademarks.

34. On information and belief, EBIN is suffering from reputational harm arising from consumers who purchase R&B's products based on the mistaken belief that they are in some way affiliated with EBIN and EBIN's products.

35. The above, together with a cease-and-desist letter that EBIN sent to R&B warning that it was infringing EBIN's rights in EBIN's Trademarks by its continued sales and distribution of the infringing products, demonstrates that R&B's various acts of trademark infringement, false designation of origin, and unfair competition are unquestionably willful, and clearly designed to freeride on the goodwill associated with EBIN's Trademarks.

**FIRST CAUSE OF ACTION**
**(Infringement of Federally Registered Trademarks Against R&B [15 U.S.C. § 1114])**

36. EBIN hereby incorporates by reference each of the foregoing allegations in above paragraphs of this Complaint as if fully set forth herein.

37. EBIN owns rights in EBIN's Trademarks and holds Federal registrations for the same.

38. R&B has used in commerce a reproduction, counterfeit, copy, or colorable imitation of the EBIN Trademarks to advertise and sell products such that it is likely to cause confusion, mistake, and deception of the public as to the identity and origin of R&B's goods, causing irreparable harm to EBIN for which there is no adequate remedy at law.

39. The above identified actions constitute infringement of a registered trademark violation of the Lanham Act.

40. R&B's acts of trademark infringement are willful and R&B is liable for willful infringement under 15 U.S.C. § 1117.

41. As a direct and proximate result of R&B's trademark infringement, EBIN has suffered and will continue to suffer irreparable harm and damages.

42. EBIN is entitled to injunctive relief and other remedies available under the Lanham Act, including but not limited to R&B's profits, any damages sustained

by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

### SECOND CAUSE OF ACTION
### (False Designation of Origin and Unfair Competition Against R&B [15 U.S.C. § 1125(a)])

43. EBIN hereby incorporates by reference each of the foregoing allegations in above paragraphs of this Complaint as if fully set forth herein.

44. R&B has used in commerce identical or at least confusingly similar marks to the EBIN Trademarks such as to likely to cause confusion, to cause mistake, or to deceive as to some affiliation, connection, or association regarding origin, sponsorship, or approval as between EBIN's goods and R&B's goods, where none exists.

45. The above-identified actions constitute willful unfair competition and false designation of origin under the Lanham Act.

46. As a direct and proximate result of R&B's unfair competition and false designation, EBIN has suffered and will continue to suffer irreparable harm and damages.

47. EBIN is entitled to injunctive relief and other remedies available under the Lanham Act, including but not limited to R&B's profits, any damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

## THIRD CAUSE OF ACTION
### (Violation of the New Jersey Statutory Trademark Infringement Against R&B [N.J.S.A. 56:3-13.16.a])

48. EBIN hereby incorporates by reference each of the foregoing allegations in above paragraphs of this Complaint as if fully set forth herein.

49. The activities identified in the first cause of action also constitute trademark infringement in violation of N.J.S.A. 56:3-13.16.a.

50. R&B's acts of trademark infringement are willful.

51. As a direct and proximate result of R&B's trademark infringement, EBIN has suffered and will continue to suffer irreparable harm and damages.

52. EBIN is entitled to injunctive relief and other remedies available under N.J.S.A. 56:3-13.16.a et. seq, including but not limited to R&B's profits, any damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

## FOURTH CAUSE OF ACTION
### (New Jersey Common Law Trademark Infringement and Unfair Competition Against R&B)

53. EBIN hereby incorporates by reference each of the foregoing allegations in above paragraphs of this Complaint as if fully set forth herein.

54. The activities identified in the first and second causes of action also constitute trademark infringement and unfair competition in violation of the New Jersey common law.

55. R&B's acts of trademark infringement and unfair competition are willful.

56. As a direct and proximate result of R&B's trademark infringement and unfair competition, EBIN has suffered and will continue to suffer irreparable harm and damages.

57. EBIN is entitled to injunctive relief and other remedies available at common law, including but not limited to R&B's profits, any damages sustained by EBIN, the trebling of any damages according to the circumstances of this case, attorneys' fees, costs, and prejudgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, EBIN prays for:

A. A preliminary and permanent injunction restraining Defendant, its officers, directors, agents, employees, representatives, and all persons acting in concert with Defendant, from engaging in any further trademark infringement, false designation of origin, and unfair competition.

B. Ordering Defendant to recall all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing EBIN's Trademarks to be delivered up and destroyed.

C. Judgment in favor of EBIN for all of EBIN's enumerated causes of action.

D. An award of Defendant's profits and EBIN's actual damages, subject to the principles of equity.

E. A finding that Defendant's actions were willful.

F. A finding that this is an extraordinary case.

G. Trebling of damages.

H. An award of EBIN's attorney's fees and costs in this matter.

I. Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff EBIN New York, Inc. requests a trial by jury on all issues so triable.

Dated: August 4, 2023         Respectfully submitted,

By         s/John K. Kim
John K. Kim (NJ Bar No. 059451994)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85255
Tel: (602) 262-5311
Fax: (602) 262-5747
Email: jkim@lewisroca.com

Drew Wilson (NJ Bar No. 011202010)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
655 N. Central Ave., Suite 2300
Glendale, CA 91203
Tel: (626) 795-9900
Fax: (626) 577-8800
Email: dwilson@lewisroca.com

*Attorneys for Plaintiff*
*EBIN New York, Inc.*